IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR-06-65-BLG-DWM-CSO-1 |
|---|---|
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE SUPERVISED RELEASE** |
| NICHOLE RENEE WALDHALM, | |
| Defendant. | |

## I. Synopsis of Recommendation

A petition alleged that Defendant Nichole Renee Waldhalm ("Waldhalm") violated her conditions of supervised release by failing to appear for random urinalysis testing on three occasions, submitting an invalid sample for a urinalysis test, testing positive for methamphetamine on two occasions, and failing to submit monthly reports to her probation officer. She admitted the violations. Waldhalm's supervised release should be revoked, and she should be sentenced to 11 months imprisonment followed by 30 months of supervised release.

## II. Status

On September 22, 2006, Waldhalm pled guilty to Count I in an eight-count Indictment, which charged Conspiracy to Possess with Intent to Distribute Methamphetamine. *ECF 22*. The offense involved Waldhalm conspiring to possess with intent to distribute over 500 grams of a substance containing methamphetamine or over 50 grams of actual methamphetamine. *ECF 1, 19*. On March 27, 2007, the Court sentenced Waldhalm to 113 months incarceration with 5 years of supervised release to follow. *ECF 35*. Waldhalm began her supervised release on August 15, 2011. *ECF 43*.

On February 15, 2012, the United States Probation Office prepared a Petition for Warrant or Summons for Offender Under Supervision requesting that a warrant be issued for Waldhalm to appear to answer allegations that she violated conditions of her supervised release. *ECF 43*. Based on the petition, Judge Richard F. Cebull issued a warrant for Waldhalm's arrest, *ECF 44*, and on March 7, 2012, Waldhalm appeared before Judge Cebull for a hearing on whether her supervised release should be revoked. *ECF 51*. Waldhalm admitted to the alleged violations, and Judge Cebull revoked

Waldhalm's supervised release. The Court sentenced Waldhalm to 6 months incarceration with 48 months supervised release. *ECF 52.* Waldhalm began this second term of supervised release on August 18, 2012. *ECF 54.*

**Petition**

On July 11, 2013, the United States Probation Office filed another Petition for Warrant or Summons for Offender Under Supervision requesting that a warrant be issued for Waldhalm to appear to answer allegations that she violated conditions of her supervised release. *ECF 54.* The petition alleged that Waldhalm violated (1) Special Condition Number 2 on four occasions, by failing to appear for random urinalysis testing on three occasions, and by submitting an invalid or dilute sample for a urinalysis test on one occasion; (2) Standard Condition Number 7 on two occasions, by testing positive for methamphetamine, a controlled substance; and (3) Standard Condition Number 2, by failing to submit a scheduled monthly report to her probation officer. *Id*.

Based on the petition, the undersigned issued a warrant for Waldhalm's arrest. *ECF 55.* The case was reassigned to the Hon.

Donald W. Molloy, U.S. District Judge, and referred to the undersigned for Findings and Recommendations.  *See Standing Order No. DLC-6, superseded by Standing Order No. DLC-7.*

**<u>Initial Appearance</u>**

Waldhalm was arrested on July 20, 2013.  She made an initial appearance before the undersigned on July 24, 2013, in Billings, Montana.

**<u>Revocation Hearing</u>**

On July 24, 2013, the undersigned conducted a hearing on whether Waldhalm' supervised release should be revoked.  Steven Babcock, Federal Defenders of Montana, represented Waldhalm.  Assistant U.S. Attorney Lori Suek represented the United States.  The undersigned explained the Findings and Recommendations procedure to Waldhalm, including her right to appear and allocute before Judge Molloy and the necessity of properly objecting to the Findings and Recommendations in order to preserve that right.  In addition, Waldhalm, her counsel, and the Assistant U.S. Attorney executed an Acknowledgment of Rights and Consent, again acknowledging her understanding of the Findings and Recommendations procedure and

consenting thereto.

Waldhalm admitted each of the alleged violations. The undersigned accepted her admission, determined that her supervised release should be revoked or modified, and proceeded to consider sentencing recommendations. The undersigned calculated that Waldhalm's violation grade is C, her criminal history category is IV, and the underlying offense is a class A felony. Under those circumstances, the maximum sentence is 60 months incarceration, and the United States Sentencing Guidelines call for 6 to 12 months incarceration. Waldhalm could be sentenced to as much as 60 months supervised release, less any incarceration time previously imposed. Ms. Suek and Mr. Babcock agreed with those calculations.

Ms. Suek requested a sentence of 12 months custody. While Ms. Suek stated that the United States believes that any term of supervised release would be futile, she nonetheless requested that Waldhalm's custody be followed by a term of supervised release within the sentencing guidelines. Ms. Suek argued that because Waldhalm has been given numerous opportunities for drug treatment, including inpatient treatment while in custody, yet continues to abuse

methamphetamine, a sentence on the high end of the sentencing guideline is appropriate.

Mr. Babcock requested a sentence in the middle of the sentencing guideline range. Mr. Babcock acknowledged Waldhalm's serious methamphetamine addiction, but argued that she does better when she associates with good people, especially her father. He informed the Court that Waldhalm's father has been sober for 16 years and is in the process of buying a house where Waldhalm could stay.

Mr. Babcock also argued that Waldhalm has shown she can maintain employment, as she was employed at the Golden Corral for a sustained period of time while residing at Passages and thereafter. He pointed out that after learning about the warrant for her arrest, Waldhalm was cooperative and turned herself in to the US Marshals.

Finally, Mr. Babcock requested that Waldhalm be incarcerated at the Federal Medical Center facility in Carswell, Texas, for heath reasons. He stated that Waldhalm suffers from Hepatitis C and diabetes, and is facing a possible diagnosis of multiple sclerosis.

Waldhalm addressed the Court. She too acknowledged that she has a very serious methamphetamine addiction. She stated that she

understands the nature and consequences of her violations, but asks for one more chance to prove herself.  She stated that if she were to reside with her father, she would not face the temptations that she deals with when living on her own.  She also stated that she realizes now that she needs the support of others, and is willing to take advantage of the resources available to her.  She said she believes she has the tools she needs to succeed.

### III.  Analysis

Based on Waldhalm's admitted violations of her conditions of supervised release, her supervised release should be revoked.  This being Waldhalm's second revocation, a sentence on the higher end of the guideline range is appropriate.  The violations involved in this second revocation are troubling not only because they are breaches of the Court's trust, but also because of the multiple attempts made by her supervising officer to impart upon Waldhalm the seriousness of her noncompliance and the consequences that likely would result from continued failures to comply.

Waldhalm should be sentenced to 11 months incarceration, with 30 months of supervised release to follow.  No circumstances warrant a

departure from the guideline range. And, based on Mr. Babcock's representations to the Court, the Court should request that Waldhalm be placed in the Federal Medical Center in Carswell, Texas, to accommodate her special medical needs.

### III. Conclusion

The undersigned advised Waldhalm that the above sentence would be recommended to Judge Molloy, and reminded her that she has the right to appear and allocute before Judge Molloy. The undersigned instructed Waldhalm that she may object to these Findings and Recommendations within 14 days of their issuance, and must do so if she wishes to preserve her right to allocute before Judge Molloy.

The Court makes the following **FINDINGS:**

1. Waldhalm violated Special Condition Number 2 on four occasions, by failing to appear for random urinalysis testing on three occasions, and by submitting an invalid or dilute sample for a urinalysis test on one occasion.

2. Waldhalm violated Standard Condition Number 7 on two occasions, by testing positive for methamphetamine.

3. Waldhalm violated Standard Condition Number 2, by failing to submit a scheduled monthly report to her probation officer.

The Court makes the following **RECOMMENDATION:**

1. The District Court should revoke Waldhalm's supervised release and commit Waldhalm to the custody of the United States Bureau of Prisons for a term of imprisonment of 11 months followed by a 30-month term of supervised release.

2. The District Court should recommend that Waldhalm be placed in the Federal Medical Center, Carswell, Texas, to accommodate her special medical needs.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 24th day of July, 2013.

/s/ Carolyn S. Ostby
United States Magistrate Judge